UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | Case No. 09-cv-04908-MEJ<br><br>**ORDER GRANTING COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>Re: Dkt. No. 34 |

## INTRODUCTION

In this Social Security appeal, attorney Dolly M. Trompeter, counsel for Plaintiff Michael Eugene Perry, moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $64,091.75. Neither Plaintiff nor the Government has filed an opposition to Trompeter's motion. Pursuant to Civ. Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Trompeter's motion for an award of attorney's fees.

## BACKGROUND

Plaintiff filed an application for Social Security Disability Insurance benefits under Title II of the Social Security Act on April 13, 2005. (Admin. Rec. ("AR") 39-40.) He also filed an additional application for Social Security Benefits under Title II of the Social Security Act on February 27, 2006. (AR 41-42.) Plaintiff alleged disability as of May 22, 2003 based on bilateral degenerative knee disease. (AR 10.) The Social Security Administration ("SSA") denied his application initially and upon reconsideration. (AR 15.) Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on November 5, 2008, where he was represented by Trompeter. (AR 15.) On December 19, 2008, the ALJ issued an unfavorable

decision, determining that Plaintiff was not disabled. (AR 15.) The SSA Appeals Council declined Plaintiff's request for review in a decision dated August 12, 2009. (AR 1-3.)

Following remand by this Court, the ALJ awarded Plaintiff $256,367.00 in retroactive benefits. Trompeter Decl., Ex. B (Dkt. No. 34-3). Trompeter now moves for an award of attorneys' fees totaling $64,091.75, an amount totaling 25 percent of past-due benefits, as provided for in the parties' written fee agreement. *Id.* ¶ 4; Ex. A.

### LEGAL STANDARD

In *Gisbrecht v. Barnhart,* the Supreme Court held that attorney's fees may be awarded under 42 U.S.C. § 406(b). 535 U.S. 789, 796 (2002) ( "Fee awards may be made under both [42 U.S.C. 406(b) and under the Equal Access to Justice Act], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits."). The court acts as an independent check on contingent-fee agreements so that reasonable results are achieved. *Id.* at 807. The relevant portion of the code section states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

### ANALYSIS

The Court finds that the attorney's fees requested by Trompeter are reasonable in light of the total past-due benefits awarded and the documentation provided in support of counsel's motion. First, as provided for in the parties' written fee agreement and subsequent communications, Trompeter seeks attorney's fees that are 25 percent of the total past-due benefits awarded to Plaintiff. Trompeter Decl. ¶ 4; Ex. A. This amount is permitted by § 406(b). Trompeter notes that she worked 71.50 hours on the case in the District Court proceedings alone. *Id.*, ¶ 3. Second, the factors identified in *Gisbrecht* to warrant a reduction of requested fees are

2

reflected in the requested fee amount. Attorney's fees awarded under 42 U.S.C. § 406(b)(1)(A) may be reduced from the amount authorized by a contingency fee agreement "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. This includes a consideration of whether counsel's performance was substandard, whether there was excessive delay by counsel which resulted in an undue accumulation of past-due benefits, and whether the requested fees are excessively large in relation to the benefits achieved. *Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009). Here, there is no indication that Trompeter's performance was substandard or that there was any undue delay so that past-due benefits could accumulate. Further, although Trompeter previously filed for Equal Access to Justice Act fees and was awarded $ 6,500.00, (Trompeter Decl. ¶ 8), Trompeter states that she will refund the $6,500 to Plaintiff as the fees payable through 42 U.S.C. §406(b) are subject to reduction by this amount. Thus, having reviewed the papers, the Court finds that the requested $64,091.75 fee amount is reasonable under *Gisbrecht*.

## CONCLUSION

Based on the analysis above, the Court GRANTS Trompeter's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $64,091.75.

**IT IS SO ORDERED.**

Dated: December 9, 2013

_____
MARIA-ELENA JAMES
United States Magistrate Judge